UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| FRED I. DAVIDSON,<br>    Plaintiff | Case No. 1:12-cv-330 |
| vs | Weber, J.<br>Wehrman, M.J. |
| BANK OF AMERICA, N.A.,<br>    Defendant | **ORDER AND REPORT AND<br>RECOMMENDATION** |

On May 4, 2012, the Court issued a show cause order requiring plaintiff to show cause in writing why his *pro se* civil complaint should not be dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2)(B) for lack of subject matter jurisdiction based on *Rooker-Feldman* and *res judicata* principles in light of a foreclosure action filed by defendant against plaintiff in the Clermont County, Ohio, Court of Common Pleas, which apparently resulted in a decision in favor of foreclosure. (Doc. 7). Plaintif filed a response to the show cause order on May 23, 2012. (Doc. 9). Therefore, this matter is now ripe for *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *see also Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007).

Plaintiff states in his response to the show cause order that he is challenging a "fraudulent mortgage" loan in the amount of $81,000 issued by the defendant successor bank on December

18, 2007, which he claims is "totally different" from the state foreclosure action currently pending before the Ohio Court of Appeals, Twelfth Appellate District. (Doc. 9, p. 2). Plaintiff alleges that he had "no knowledge of such loan and received no funds from such loan and was only made aware [of it] when Defendant filed [the] separate foreclosure action against the Plaintiff in the the Clermont County Ohio Court of Common Pleas in August 2011." (Doc. 9, p. 1). He claims that the $81,000 loan was "the beginning of the frauds" committed by the defendant bank to use his residence in a "scheme to defraud programs and funds from Freddie Mac and/or Fannie Mae through MERS." (Doc. 9, pp. 1, 2). He further alleges that "[t]here is no record of a HUD-1 report" for the $81,000 loan, and that defendant's actions, in "probable disregard of the Federal Truth in Lending Act[,] led to a Second fraudulent mortgage which was cancelled by the Plaintiff according to the Rights under the Truth in Lending Act, Reg Z." (Doc. 9, pp. 2-3). Plaintiff also asserts that defendant is liable under 42 U.S.C. § 1983 for violating his civil rights. (Doc. 9, p. 3).

The complaint as clarified by plaintiff in his response to the show cause order remains vague and unclear. However, in light of plaintiff's response, it appears at this juncture that the complaint is not barred from review by the *Rooker-Feldman* doctrine to the extent plaintiff seeks relief based on claims that are "independent of alleged deficiencies in the state-court foreclosure proceedings." *See Hines v. Franklin Savings & Loan,* No. 1:09cv914, 2011 WL 882976, at *3 (S.D. Ohio Jan. 31, 2011) (Bowman, M.J.) (Report & Recommendation) (and cases cited therein), *adopted as modified on other grounds*, 2011 WL 886128 (S.D. Ohio Mar. 10, 2011) (Weber, J.); *see also Miller v. Countrywide Home Loans*, 747 F. Supp.2d 947, 958 (S.D. Ohio 2010) (Sargus, J.); *cf. Exxon Mobile Corp. v. Saudia Basic Indus. Corp.,* 544 U.S. 280, 284

(2005). Furthermore, because neither the facts about the "separate" $81,000 loan allegedly issued by defendant nor the details of the state-court foreclosure proceeding have been fully developed or set forth in the complaint, the Court is reluctant to determine at this point whether or not collateral estoppel or *res judicata* principles apply to bar review of any of petitioner's claims.

Therefore, liberally construing plaintiff's complaint in light of his response to the show cause order, the undersigned concludes at this juncture that the instant matter is worthy of development and may proceed to the extent that plaintiff seeks to invoke the diversity jurisdiction of this Court to consider state-law claims based on fraud or other tort theories and/or seeks review of his claims of alleged violations of the federal Truth in Lending Act (TILA). *See* 28 U.S.C. § 1915(e)(2)(B). *Cf. Miller*, 747 F. Supp.2d at 961-62 (in discussing the merits of the plaintiff's federal claim under the TILA and Regulation Z, the court acknowledged that the TILA "provides a right of action for four types of damages" stemming from the non-disclosure of information regarding mortgage transactions).

However, to the extent that plaintiff has alleged in his response to the show cause order that defendant is liable under 42 U.S.C. § 1983 for violating his civil rights, plaintiff has failed to state a claim upon which relief may be granted. Section 1983 "authorizes a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.,* 526 U.S. 687, 707 (1999). In order to allege a cognizable § 1983 claim, the plaintiff must allege that the person engaging in the challenged conduct was acting under color of state law and that such conduct deprived the plaintiff of some right secured by the Constitution or laws of the United States. *See Hines v. Langhenry*, __ F. A'ppx __, No. 09-

3354, 2011 WL 5966615, at *3 (6th Cir. Nov. 30, 2011) (citing *Boykin v. Van Buren Twp.,* 479 F.3d 444, 451 (6th Cir. 2007); *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003)); *Miller*, 747 F. Supp.2d at 954 (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). Defendant bank is not a "state actor" within the meaning of § 1983. *Cf. Miller*, 747 F. Supp.2d at 954 (and cases cited therein) (holding that the private-party defendants, who were plaintiff and plaintiff's counsel in the state foreclosure proceeding, were not "'state actors' for purposes of stating a viable § 1983 claim merely because they were making use of the state's courts and/or its laws"). Therefore, to the extent that plaintiff has alleged a § 1983 civil rights claim against defendant, the claim should be dismissed.

**IT IS THEREFORE RECOMMENDED THAT:**

Plaintiff's claim under 42 U.S.C. § 1983 should be **DISMISSED** because plaintiff has failed to state a claim upon which relief may be granted against the defendant bank. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS THEREFORE ORDERED THAT:**

1. The United States Marshal shall serve a copy of the complaint, summons, and copies of all pleadings and Court orders filed in this action to date, including this Order and Report and Recommendation, upon defendant as directed by plaintiff. All costs of service shall be advanced by the United States.

2. Plaintiff shall serve upon defendant or, if appearance has been entered by counsel, upon defendant's attorney, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed

to defendant or counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the clerk or which fails to include a certificate of service will be disregarded by the Court.

       3.  Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.


Date:   June 4th, 2012                      s/ J. Gregory Wehrman
      cbc                                           J. Gregory Wehrman
                                                     United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

FRED I. DAVIDSON,
    Plaintiff

vs

BANK OF AMERICA, N.A.,
    Defendant

Case No. 1:12-cv-330

Weber, J.
Wehrman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).