UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**FRED DAVIDSON**,

        **Plaintiff**,                          Case No.1:12-cv-330

**V.**

                                          Weber, District Judge

**BANK OF AMERICA, N.A.**,          Wehrman, Magistrate Judge

        **Defendant**.

## REPORT AND RECOMMENDATION

      Pending are two motions, one by *pro se* plaintiff and another by defendant. Plaintiff filed a motion for a default judgment. Doc. 16. He claims that he filed his case on April 26, 2012, and served the documents on defendant on June 5, 2012, yet defendant did not file an answer within the time limits of Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure. Defendant responded by submitting its own motion for an extension of time to file an answer under Rule 6(b)(1)(B), arguing excusable neglect and attaching its proffered answer to the motion. Doc. 17.

      Defendant maintains in its motion that it meets the standard for excusable neglect for several reasons. Plaintiff addressed the summons only to the company, rather than a specific person or department, and mailed it to defendant's facility in Plano, Texas. Then, two weeks after filing the complaint, plaintiff filed a Chapter 13 bankruptcy in this district, which created a stay in the proceedings under 11 U.S.C. § 362. Plaintiff did not seek the Bankruptcy Court's approval to pursue his claims against defendant, and his bankruptcy was dismissed for failure to make plan payments. *See* 12-bk-12649. This matter was further complicated by multiple lawsuits that the foreclosure at the center of plaintiff's current suit engendered, making defendant even less likely to realize there was this separate lawsuit against it. Finally, defendant avers that

upon its receipt of the summons and complaint, it was scanned into the company's internal systems and then mislabeled and placed in plaintiff's already existing loan file, where it sat until defendant realized its error and assigned it to counsel.  Doc. 17 at 2-3.

Under Rule 6(b) of the Federal Rules of Civil Procedure, a court may extend the time in which an answer must be filed if the moving party proves excusable neglect.  "Neglect exists where the failure to do something occurred because of a simple, faultless omission to act, or because of a party's carelessness." *Turner v. City of Taylor*, 412 F.3d 629, 650 (6th Cir. 2005). "Whether neglect was 'excusable' is an equitable determination based on consideration of all relevant circumstances.  These include the danger of prejudice to the nonmoving party, the length of the delay and its impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Morgan v. Gandalf, Ltd.*, 165 Fed. Appx. 425, 428 (6th Cir. 2006) (citing *Turner*, 412 F.3d at 650).  Excusable neglect is "a somewhat 'elastic concept,'" and "the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Services Co. v. Brunswick Associates, Ltd. Partnership*, 507 U.S. 380, 395 (1992).

In this case, defendant has met the excusable neglect standard.  The multiple lawsuits in different venues, the vaguely identified service of process, defendant's diligent response upon learning of the mistake, the "drastic step" that is a default judgment, *United Coin Meter Co. v. Seaboard Costline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983), and the lack of prejudice to plaintiff all support defendant's motion.  Accordingly,

**IT IS RECOMMENDED**:

1. Plaintiff's motion for a default judgment [Doc. 16] should be **denied**;

2. Defendant's motion for an extension of time to file an answer [Doc. 17] should be **granted**;

3. The Clerk should be directed to docket defendant's answer, submitted as attachment #1 to its motion [Doc. 17].

Particularized objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived. Fed. R. Civ. P. 72(b)(2); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)(citing *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may respond to another party's objections within fourteen days of being served with a copy of those objections. Fed. R. Civ. P. 72(b)(2).

This the 17th day of December, 2012.
                                                                s/ J. Gregory Wehrman
                                                                J. Gregory Wehrman
                                                                United States Magistrate Judge