**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
CIVIL ACTION NO. 12-cv-330-HJW-JGW**

**FRED DAVIDSON**                                                                   **PLAINTIFF**

v.

**BANK OF AMERICA, N.A.**                                                       **DEFENDANT**

### REPORT AND RECOMMENDATION

Before the Court is defendant's motion for summary judgment. Doc. 26. Pro se plaintiff has failed to file a memorandum in opposition to the motion, despite being given significantly more time than typically allowed.

### I. Facts and Procedural Posture

This case began as a result of defendant Bank of America, N.A.'s ("BOA") Ohio state court foreclosure of plaintiff Davidson's home.[1] BOA is the assignee of a mortgage on the property located at 604 Mercury Dr., Cincinnati, Ohio 45255, given by plaintiff and Glenda M. Jenkins to BOA's predecessor in interest, securing an $85,600 advance made pursuant to a promissory note. Doc. 26-2. BOA initiated the foreclosure action on August 15, 2011, because Davidson had made no payments on the loan for approximately one year. *Id.* Judge McBride of the Clermont County Court of Common Pleas entered summary judgment in BOA's favor. *See* Doc. 26-5 at 2. Davidson moved to vacate that judgment and the court held a hearing where Davidson was permitted to, and did, submit evidence. Doc. 26-4. There, Davidson argued that he never took out the mortgage and/or that he cancelled it the next day after taking it out. *Id*. at 2-4. The court denied his motion on the merits. Doc. 26-5. Davidson appealed the ruling,

---

[1]Because this case refers to a prior state court action where the parties' positions as plaintiff and defendant were reversed, the Court will refer to the parties by name to avoid confusion.

which the Ohio Court of Appeals affirmed. Doc. 26-6. Davidson then sought review by the Supreme Court of Ohio, which declined to take the case. Doc. 26-14. Finally, Davidson moved the Supreme Court of Ohio to reconsider its decision, which the court again denied. *See* Doc. 26-11 at 2.

During the pendency of that action, Davidson filed this action in federal court. This Court ordered plaintiff to show cause why the complaint should not be dismissed, raising the issue, among others, that the claims may be barred by the doctrine of res judicata. Doc. 7. Davidson responded, and the District Court allowed Davidson's suit to proceed[2] by "liberally construing" the pleadings. Doc. 11 at 3. In doing so, this Court noted that "because neither the facts about the 'separate' $81,000 loan allegedly issued by defendant nor the details of the state-court foreclosure proceeding have been fully developed or set forth in the complaint, the Court is reluctant to determine at this point whether or not collateral estoppel or res judicata principles apply to bar review of any of [Davidson's] claims." *Id*.

This Court has previously recounted Davidson's claims in this case:

Plaintiff states in his response to the show cause order that he is challenging a "fraudulent mortgage" loan in the amount of $81,000 issued by the defendant successor bank on December 18, 2007, which he claims is "totally different" from the state foreclosure action currently pending before the Ohio Court of Appeals, Twelfth Appellate District. (Doc. 9, p. 2). Plaintiff alleges that he had "no knowledge of such loan and received no funds from such loan and was only made aware [of it] when Defendant filed [the] separate foreclosure action against the Plaintiff in the [] Clermont County Ohio Court of Common Pleas in August 2011." (Doc. 9, p. 1). He claims that the $81,000 loan was "the beginning of the frauds" committed by the defendant bank to use his residence in a "scheme to defraud programs and funds from Freddie Mac and/or Fannie Mae through MERS." (Doc. 9, pp. 1, 2). He further alleges that "[t]here is no record of a HUD-1 report" for the $81,000 loan, and that defendant's actions, in "probable

---

[2]Other than Davidson's § 1983 claim, which was dismissed.

>disregard of the Federal Truth in Lending Act[,] led to a Second fraudulent mortgage which was cancelled by the Plaintiff according to the Rights under the Truth in Lending Act, Reg Z." (Doc. 9, pp. 2-3).

Doc. 11 at 1-2.

Following this Court's denial of Davidson's motion for a default judgment (Docs. 16, 23, 27), BOA moved for summary judgment, arguing both that Davidson's claims are procedurally barred due to res judicata and/or collateral estoppel and that the case should be dismissed for substantive reasons. Doc. 26.

## II. Legal Framework

Summary judgment is appropriate only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In considering a motion for summary judgment, the Court must view the facts in the record and all inferences that can be drawn from those facts in the light most favorable to the non-movant, in this case the plaintiff, Davidson. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-7 (1986).

As the moving party, BOA has the initial burden of marshaling concrete support in the record for its assertion that no genuine dispute exists. Fed. R. Civ. P. 56(c). Once the movant has met its obligation, the burden shifts to the non-movant Davidson to set forth "specific facts showing that there is a genuine issue for trial." *Id*. The key issue on summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or

whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

As noted, Davidson did not file a response to defendant's summary judgment motion. Under Rule 56(e) of the Federal Rules of Civil Procedure, "[i]f a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or (4) issue any other appropriate order."

### III. Analysis

As stated, BOA makes both procedural and substantive arguments in support of its summary judgment motion. First, BOA argues that Davidson's claims are barred by res judicata, as he previously litigated the matter in the Clermont County case. Alternatively, BOA asserts that Davidson's claims fail because he has not produced evidence of supporting any of its claims.

#### a. Res Judicata

Under Ohio law, the doctrine of res judicata, or claim preclusion, "hold[s] that a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St. 3d 379, 382 (1995). Four elements are required to establish res judicata: "(1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising

out of the transaction or occurrence that was the subject matter of the previous action." *Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir. 1997). The party asserting the defense carries the burden of proving the elements. *Keymarket of Ohio, LLC v. Keller*, 483 F. Appx 967, 971 (6th Cir. 2012).

The first and second elements are easily satisfied in this case. As to the first, the Clermont County Court of Common Pleas case resulted in a final judgment in BOA's favor on the merits, following several appeals. Doc. 26 at 10. The second element is satisfied because Davidson and BOA are the parties in both cases. BOA asserts that the third element is fulfilled because Davidson raised the same claims he does here in each level of the state court action. Doc. 26 at 11. In addition, this requirement is met even if Davidson did not raise such claims but could have done so in the prior state case. *See Mitchell v. Chapman*, 343 F.3d 811, 819 (6th Cir. 2003). BOA maintains that Davidson could have brought his current fraud and Truth in Lending Act claims as counterclaims in the state court suit. Finally, the fourth element is satisfied because both cases concern the same transaction or occurrence, the loan and BOA's foreclosure on it.

BOA has brought forth sufficient evidence in the record to satisfy its burden of proving there is no dispute that Davidson's claims are barred by res judicata. As stated, Davidson did not submit a response to BOA's motion for summary judgment. Therefore, pursuant to Rule 56(e)(2) and (3), the Court recommends granting summary judgment in BOA's favor, as Davidson has not met his burden of showing that this is a genuine, triable issue.

b. Substantive Arguments

BOA also asserts that summary judgment should be granted because Davidson has

5

produced no evidence supporting his claims for fraud, violations of the Truth in Lending Act, and other tort(s).

1. *Fraud*

To prevail on a claim for fraud under Ohio law, six elements must be proved: (1) that a representation or, where a duty to disclose exists, a concealment of fact was made; (2) it is material to the transaction at hand; (3) it was made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred; (4) it was made with the intent of misleading another into relying upon it; (5) there was justifiable reliance upon it; and (6) it resulted in an injury proximately caused by that reliance. *State ex rel. The Illuminating Co. v. Cuyahoga County Court of Common Pleas*, 776 N.E.2d 92, 98 (2002). Under Rule 9(b) of the Federal Rules of Civil Procedure, fraud must be pled with particularity.

BOA argues that Davidson's complaint meets none of these requirements, much less all of them, and, likewise, that he has presented no evidence that would support a fraud claim. The Court agrees. For these reasons, BOA's motion for summary judgment should be granted on this issue.

2. *Truth in Lending Act Violations*

The Truth in Lending Act permits a mortgagor to rescind the transaction within three days of the later of the consummation of the transaction or the delivery of all material disclosures and notice of the mortgagor's rescission right. 15 U.S.C. § 1635. Davidson seemingly alleges that he rescinded the mortgage within twenty-four hours after completing the transaction. Doc. 9 at 3. However, Davidson provided no evidentiary support for this assertion, nor does he even

state or attempt to prove that BOA somehow violated the Act. Therefore, BOA's motion should be granted on this count as well.

### 3. *Other Torts*

To the extent that Davidson alleged BOA committed other torts[3], he has similarly failed to support such claims and BOA's motion should also be granted on these counts.

### IV. Conclusion

BOA has met its burden of showing that there is no genuine dispute that Davidson's claims are precluded by virtue of the doctrine of res judicata and that there is a woeful absence of evidence supporting Davidson's remaining claims. Accordingly,

**IT IS RECOMMENDED**:

Defendant Bank of America , N.A.'s motion for summary judgment [Doc. 26] should be **GRANTED** and the case should be **DISMISSED.**

Particularized objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived. Fed. R. Civ. P. 72(b)(2); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)(citing *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or

---

[3]Davison alleges that BOA is "Guilty of Grand Larceny," which may be an attempt to plead conversion. Doc. 9 at 3. Davidson also states that he "has been placed under extreme duress . . . causing severe medical issues," which may be an attempt to plead negligent or intentional infliction of emotional distress. *Id*.

objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal.  *Howard*, 932 F.2d at 509.  A party may respond to another party's objections within fourteen days of being served with a copy of those objections.  Fed. R. Civ. P. 72(b)(2).

    This the 17th day of May, 2013.       s/ J. Gregory Wehrman
                          J. Gregory Wehrman
                          United States Magistrate Judge